# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0407
Lower Tribunal No. 22-CA-002831

_____

AC & JL HOLDINGS, INC.,

Appellant,

v.

JOSEPH LEVY, KEVIN BLAIWEISS, YOUDA DEVELOPMENT, LLC, CIJ LLC, NEWPORT
JL INVESTMENTS, LLC, and LEON BLAIWEISS, et al.,

Appellees.

_____

Appeal from the Circuit Court for Lee County.
Alane Laboda, Judge.

September 5, 2025

MIZE, J.

Appellant, AC & JL Holdings, Inc. ("Appellant"), appeals a final judgment entered following the trial court's granting of summary judgment in favor of Appellees Kevin Blaiweiss, Leon Blaiweiss, Youda Development LLC, Suncoast Development FL, LLC, KJL Development LLC, and CIJ LLC (the "Blaiweiss Defendants"), on Appellant's claims for tortious interference with contract, tortious interference with a business relationship, and aiding and abetting a breach of

fiduciary duty. The trial court granted summary judgment on the grounds that: (1) there was not sufficient evidence to establish a genuine dispute of fact regarding whether the Blaiweiss Defendants induced Appellee Joseph Levy to breach a contract or business relationship with Appellant; and (2) there was not sufficient evidence to establish a genuine dispute of fact regarding whether the alleged breach of a fiduciary duty by Appellee Joseph Levy was the proximate cause of damage to Appellant.

"In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor." *Bensen v. Privilege Underwriters Reciprocal Exch.*, 401 So. 3d 390, 394 (Fla. 6th DCA 2023) (quoting *Brevard Cnty. v. Waters Mark Dev. Enters., LC*, 350 So. 3d 395, 399 (Fla. 5th DCA 2022)), *review dismissed*, No. SC2023-1141, 2024 WL 370046 (Fla. Jan. 31, 2024)). "Summary judgment should only be granted where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* (quoting *Waters Mark Dev.*, 350 So. 3d 398-99).

In this case, there was sufficient evidence before the trial court from which a rational jury could have inferred that the Blaiweiss Defendants induced Appellee Joseph Levy to breach a contract and business relationship with Appellant, and that the breach of a fiduciary duty by Appellee Josephy Levy was the proximate cause

2

of damage to Appellant.  Accordingly, we reverse the final judgment and the trial court's order granting summary judgment and remand this case for further proceedings.

Appellant also appeals the trial court's order granting the Appellees' joint motion to exclude expert testimony of David Cowheard.  We affirm that ruling without discussion.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

NARDELLA and WOZNIAK, JJ., concur.

Jeffrey R. Lam, of Armstrong Teasdale LLP, Coral Gables, for Appellant.

Jack J. Aiello, of Gunster, Yoakley & Stewart, P.A., West Palm Beach, and Michael T. Traficante, of Gunster, Yoakley & Steward, P.A., Naples, for Appellees, Kevin Blaiweiss, Youda Development LLC, CIJ LLC, and Leon Blaiweiss.

Mark H. Muller, of Mark H. Muller, P.A., Naples, for Appellees, Joseph Levy and Newport JL Investments, LLC.

No Appearance for Other Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED